## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

YOLANDA GUTIERREZ,                CASE NO.:

     Plaintiff,

vs.

AMERASIA BANK,

     Defendant.

_____/

## COMPLAINT

Plaintiff sues Defendant and alleges:

### GENERAL ALLEGATIONS AND JURSIDICTION COMMON TO ALL COUNTS

1.     This is an age and ethnic discrimination claim seeking declaratory and injunctive relief and damages to redress violations of the Age Discrimination In Employment Act, as amended (The "ADEA") (29 U.S.C. § 623, et. seq.); The Florida Civil Rights Act of 1992, Chapter 760, Florida Statute; Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); and The Civil Rights Act of 1991 (The "C.R.A.").

2.     Plaintiff seeks a declaratory judgment and injunction to determine that her employer discriminated against her against because of her age (sixty-eight (68)) and because of her national origin--Hispanic.

3.     Plaintiff seeks all damages under the ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); The Civil Rights Act of 1991 (The "C.R.A.") and Chapter 760, Florida Statutes.

4.     This action arises under the ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); The Civil Rights Act of 1991 (The "C.R.A.") and Chapter 760, Florida Statutes.  The court has jurisdiction to grant declaratory relief and further relief pursuant to said acts.

5.     Venue is proper in this district since the parties reside in/or are doing

business here.

6.     The trial court is vested with jurisdiction to order an injunction or any other relief as may proper, pursuant to the ADEA; Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); The Civil Rights Act of 1991 (The "C.R.A.") and Chapter 760, Florida Statutes.

7.     Plaintiff was formerly employed by the employer and worked in Miami-Dade County Florida.  At the time of her termination she held the position of Vice-President/Branch Manager.

8.     The employer is a foreign bank authorized to do business in Miami-Dade County, Florida.

9.     The employer, with more than fifteen employees, is engaged in an industry affecting commerce; hence, the employer is an "employer" as envisioned by the ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); The Civil Rights Act of 1991 (The "C.R.A.") and Chapter 760, Florida Statutes.

<u>COMPLIANCE WITH PROCEDURAL REQUIREMENTS</u>

10.     Plaintiff filed a Charge of Discrimination for age and national origin discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 24, 2014. (A copy of the Charge of Discrimination is attached hereto as "Exhibit 'A'").

11.     The EEOC issued Plaintiff a Notice of Right to Sue letter dated May 19, 2014. (A copy of the Right to Sue letter is attached hereto as "Exhibit 'B'").

12.     Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR").

13.     More than sixty (60) days have elapsed from the date of dual filing and state proceedings were commenced.  Accordingly, Plaintiff is entitled to bring this action because more than sixty (60) days have elapsed from the time state proceedings were commenced.

14.     The FCHR failed to render a decision about Plaintiff's discrimination complaint within 180 days from the date state proceedings were commenced as mandated by Florida Statute §760.11(8).

15.     Plaintiff exhausted the FCHR's administrative process as of the expiration of the 180 day period alleged in paragraph 14, and Plaintiff is entitled to assert the state law claim pursuant to Florida Statutes §760.11(4)(a).

16.     Plaintiff pursued her state remedies pursuant to Chapter 760, Florida Statutes in that:

     a.     state proceedings were timely commenced, pursuant to Chapter 760, Florida Statutes, when the EEOC dual filed Plaintiff's Charge of Discrimination;

     b.     the sixty (60) day waiting period of 29 U.S.C. §633(b) to commence state proceedings had expired prior to Plaintiff having filed her complaint in federal court; and

     c.     the state remedies were exhausted upon the expiration of 180 days from the date that state proceedings were commenced pursuant to Chapter 760, Florida Statutes when the FCHR failed to render a decision regarding Plaintiff's discrimination complaint within the 180 day period.

## <u>FACTS OF DISCRIMINATION</u>

17.     Defendant's predecessor bank, Great Eastern Bank of Florida, hired Plaintiff, as a Vice-President and Branch Manager in April of 2003.

18.     On or about April 1, 2013, Defendant took over Great Eastern Bank.

19.     On or about April 1, 2013, Defendant's senior vice-president, Eddie Wong, began to harass Plaintiff by re-assigning all of Plaintiff's prior employment duties to Plaintiff's then assistant, Ellen Tsai.

20.    Ms. Tsai is an Asian female and, upon information and belief, is in her thirties.

21.    Defendant's senior vice-president, Eddie Wong, also instructed bank personnel to report to Ms. Tsai as opposed to Plaintiff as had been the practice prior to the discrimination alleged.

22.    Defendant's senior vice-president, Eddie Wong, also told Plaintiff that her work hours were being reduced to 1-2 days per work week.

23.    Ms. Tsai was less qualified to perform the job responsibilities stripped from Plaintiff and given to Ms. Tsai and was younger, less than age forty (40), than Plaintiff.

24.    Plaintiff's work record with the employer was satisfactory prior to the acts of discrimination alleged above.

25.    All of the aforementioned actions were based on Plaintiff's age and national origin in violation of the ADEA; Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000-e, et. seq.); The Civil Rights Act of 1991 (The "C.R.A.") and Chapter 760, Florida Statutes.

### COUNT I
### AGE DISCRIMINATION VIOLATION
### OF THE ADEA AGAINST THE EMPLOYER

26.    Plaintiff re-alleges paragraphs 1-25 as if fully set forth herein.

27.    At all times material hereto, Plaintiff was a member of a protected group under the ADEA, i.e.: she was over age forty.

28.    Plaintiff was discriminated against because of her age (sixty (68)), because the Plaintiff was qualified to work in the position of Vice-President/Branch Manager for Defendant but was stripped of her duties and was denied these employment duties and opportunities because of her age.

29.    The age disparate treatment relative to other younger similar situated employees to which Plaintiff was subjected by Defendant was based

upon Plaintiff being sixty-eight years old.  Defendant did not engage in similar conduct to other younger similarly situated employees.

30.     Plaintiff, just by being qualified to do the job, and then being harassed and subsequently terminated by Defendant because of Plaintiff's age, was affected in a "term, condition or privilege" of employment under the ADEA.

31.     The conduct of the employer, through its employees and agents, deprived Plaintiff of the statutory rights under the ADEA.

32.     Plaintiff has engaged the services of the undersigned law firm and has agreed to compensate the undersigned law firm a reasonable fee that is recoverable from the defendant pursuant to the applicable provision of the ADEA.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests this court to enter a judgment awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of the ADEA, including but not limited to:  a)  awarding appropriate back and front pay and benefits to Plaintiff; b) issuing a declaratory judgment that the employers' practices violate Plaintiff's rights under the ADEA; c) enjoining the employer from continuing or maintaining the policy, practice and custom of denying older employees their rights secured by the ADEA; d) ordering the employer to place Plaintiff in the position which she would have had absent the employer's unlawful discrimination; e) restoring Plaintiff with credits of all other employee benefits she would have received but for the employer's discrimination; f) awarding damages for mental anguish; g) awarding damages for loss of dignity; h) awarding damages for loss of capacity to enjoy life; i) awarding damages for pain and suffering and j) granting Plaintiff her costs and a reasonable award of attorney's fees pursuant to the ADEA.

## COUNT II
## AGE DISCRIMINATION VIOLATION
## OF THE FLORIDA CHAPTER 760 AGAINST THE EMPLOYER

33.     Plaintiff re-alleges paragraphs 1-25 as if fully set forth herein.

34.     At all times material hereto, Plaintiff was a member of a protected group under Chapter 760, i.e.: she was over age forty.

35.     Plaintiff was discriminated against because of her age (sixty (68)), because the Plaintiff was qualified to work in the position of Vice-President/Branch Manager for Defendant but was stripped of her duties and was denied these employment duties and opportunities because of her age.

36.     The age disparate treatment relative to other younger similar situated employees to which Plaintiff was subjected by Defendant was based upon Plaintiff being sixty-eight years old.  Defendant did not engage in similar conduct to other younger similarly situated employees.

37.     Plaintiff, just by being qualified to do the job, and then being harassed and subsequently terminated by Defendant because of Plaintiff's age, was affected in a "term, condition or privilege" of employment under Chapter 760.

38.     The conduct of the employer, through its employees and agents, deprived Plaintiff of the statutory rights under Chapter 760.

39.     Plaintiff has engaged the services of the undersigned law firm and has agreed to compensate the undersigned law firm a reasonable fee that is recoverable from the defendant pursuant to the applicable provision of Chapter 760.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this court to enter a judgment

awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Chapter 760, Florida Statutes, including but not limited to:   a) awarding appropriate back and front pay and benefits to Plaintiff; b) issuing a declaratory judgment that the employers' practices violate Plaintiff's rights under Florida Chapter 760; c) enjoining the employer from continuing or maintaining the policy, practice and custom of denying older employees their rights secured by Florida Chapter 760; d) ordering the employer to place Plaintiff in the position which she would have had absent the employer's unlawful discrimination; e) restoring Plaintiff with credits of all other employee benefits she would have received but for the employer's discrimination; f) awarding damages for mental anguish; g) awarding damages for loss of dignity; h) awarding damages for loss of capacity to enjoy life; i) awarding damages for pain and suffering and j) granting Plaintiff her costs and a reasonable award of attorney's fees pursuant to Chapter 760, Florida Statutes.

### COUNT III
### VIOLATION OF TITLE VII, THE C.R.A.
### AND CHAPTER 760 AGAINST THE EMPLOYER

40.     Plaintiff re-alleges paragraphs 1-25 as if fully set forth herein.

41.     At all times material hereto, Plaintiff was a member of a protected group under Title VII, the C.R.A., and Chapter 760, Florida Statutes in that she is Hispanic.

42.     Plaintiff was discriminated against because of her national origin, for the following reasons: a) Plaintiff was qualified to work in the positions of Vice-President/Branch Manager for the employer but was stripped of her duties and was denied these employment duties and opportunities because she was

Hispanic and; b) a less qualified, non-Hispanic employee of Asian national origin, was assigned Plaintiff's previously held job duties.

43.     The national origin disparate treatment relative to other similarly situated non-Hispanic employees to which Plaintiff was subjected by the employer was based upon Plaintiff being Hispanic.  The employer did not engage in similar conduct to other non-Hispanic similarly situated employees.

44.     Plaintiff, just by being qualified to do the job, and then being harassed and subsequently terminated by Defendant because of Plaintiff's national origin, was affected in a "term, condition or privilege" of employment, under Title VII, the C.R.A. and Chapter 760, Florida Statutes.

45.     The conduct of the employer, through its employees and agents, deprived Plaintiff of the statutory rights under Title VII, C.R.A. and Chapter 760, Florida Statutes.

46.     The effect of the conduct pursued by Defendant as alleged above has been to limit, classify, and discriminate against Plaintiff in ways which jeopardized her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because she is Hispanic.

47.     As a further result of Defendant's above-stated actions, Plaintiff has been deprived of income in the form of wages and prospective retirement benefits, social security and other benefits due to her as an employee solely because she is Hispanic in a sum to be proven at trial.

48.     Defendant has unlawfully discriminated against Plaintiff, based on the actions previously alleged, even though she was qualified to do her job, based on her being Hispanic.

49.     Defendant has acted maliciously or with reckless indifference to Plaintiff's rights under the Civil Rights Act of 1991 as amended;

50.     Plaintiff has had to employ the services of undersigned counsel to represent him in this action for a reasonable attorney's fee which is recoverable from Defendant pursuant to Federal statute;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in her favor awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII, the C.R.A., and Chapter 760, Florida Statutes including but not limited to:  a)  awarding appropriate back and front pay and benefits to Plaintiff; b) issuing a declaratory judgment that the employers' practices violate Plaintiff's rights under Title VII, the C.R.A. and Chapter 760, Florida Statutes; c) enjoining the employer from continuing or maintaining the policy, practice and custom of denying Hispanic employees their rights secured by Title VII, the C.R.A. and Chapter 760, Florida Statutes; d) ordering the employer to place Plaintiff in the position which she would have had absent the employer's unlawful discrimination and retaliation; e) restoring Plaintiff with credits of all other employee benefits she would have received but for the employer's discrimination; f) granting Plaintiff her costs and a reasonable award

of attorney's fees pursuant to Title VII, the C.R.A. and Chapter 760, Florida Statutes; g) grant other such relief deemed just and proper;

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

Respectfully submitted,

**MESA LITIGATION
& LEGAL CONSULTING, P.A.**
Carlos A. Mesa
4960 SW 72 Avenue, Suite 206
Miami, Florida 33155
(305) 569-3005
cmesa@mesafloridalawyer.com

/S/ Carlos A. Mesa

CARLOS A. MESA 0067784